# LOOMIS-SAYLES

# FUNDED PENSION PLAN

## Amended and Restated Effective January 1, 2001

TABLE OF CONTENTS

Page

ARTICLE I - DEFINITIONS ..................................................................................................2
   1.01. "Actuarial Equivalent" ..............................................................................2
   1.02. "Annuity Starting Date" .............................................................................2
   1.03. "Base Pension Compensation" ..................................................................2
   1.04. "Beneficiary" ..............................................................................................3
   1.05. "Board of Directors" ..................................................................................3
   1.06. "Career Compensation" .............................................................................3
   1.07. "Code" ........................................................................................................4
   1.08. "Committee" ...............................................................................................4
   1.09. "Company" ..................................................................................................4
   1.10. "Compensation" .........................................................................................4
   1.11. "Covered Compensation" ...........................................................................6
   1.12. "Employee" .................................................................................................6
   1.13. "ERISA" .....................................................................................................7
   1.14. "Hour of Service" .......................................................................................7
   1.15. "Member" ....................................................................................................8
   1.16. "Normal Retirement Date" .........................................................................8
   1.17. "One-Year Break in Service" .....................................................................8
   1.18. "Plan" ..........................................................................................................8
   1.19. "Plan Year" .................................................................................................8
   1.20. "Predecessor Company" .............................................................................8
   1.21. "Related Company" .....................................................................................8
   1.22. "Social Security Retirement Age" ..............................................................9
   1.23. "Trust" .........................................................................................................9
   1.24. "Trust Agreement" ......................................................................................9
   1.25. "Trustee" .....................................................................................................9
   1.26. "Years of Credited Service" .......................................................................9
   1.27. "Years of Service" ....................................................................................10

ARTICLE II - EFFECTIVE DATE .......................................................................................11

ARTICLE III - MEMBERSHIP .............................................................................................12
   3.01. Eligibility for Membership .......................................................................12
   3.02. Determination of Membership...................................................................12
   3.03. Duration of Membership; Reemployment .................................................12
   3.04. Leaves of Absence ....................................................................................12
   3.05. Service with Related Companies. ..............................................................13

ARTICLE IV - RETIREMENT INCOME .............................................................................15
   4.01. Normal Retirement...................................................................................15
   4.02. Normal Retirement Income.......................................................................15
   4.03. Early Retirement ......................................................................................16
   4.04. Adjustment to Equalize Total Retirement Income.....................................17
   4.05. Deferred Retirement.................................................................................17

4.06.   Maximum Normal Retirement Benefit ...................................................18
4.07.   Exception .............................................................................................22
4.08.   Benefit Increases for Certain Members ...............................................22
4.09.   Benefit Increases for Certain Members ...............................................23
4.10.   Benefit Increases for Certain Members ...............................................24
4.11.   Benefit Increases for Certain Members ...............................................25
4.12.   Minimum Monthly Pension ................................................................25

ARTICLE V - JOINT AND SURVIVOR ANNUITY REQUIREMENTS ...................27
5.01.   Spouse Joint and Survivor Annuity .....................................................27
5.02.   Qualified Election ...............................................................................28
5.03.   Surviving Spouse Benefit for Basic Retirement Income .....................29
5.04.   Surviving Spouse Benefit for Supplemental Retirement Income .........30
5.05.   Special Limitation in Case of Death Prior to August 23, 1984 ...........30
5.06.   Amount of Surviving Spouse Benefit ..................................................31
5.07.   Commencement of Surviving Spouse Benefit ......................................32
5.08.   Death Prior to January 1, 2001 ...........................................................32

ARTICLE VI - FORMS OF RETIREMENT INCOME ..........................................33
6.01.   Normal Form of Retirement Benefit ....................................................33
6.02.   Optional Forms Available ...................................................................33
6.03.   Making of Election .............................................................................36
6.04.   Effect of Death of Member or Beneficiary ..........................................37
6.05.   Change of Option ...............................................................................37
6.06.   No Immediate Distribution of Accrued Benefit ...................................37
6.07.   Commencement of Benefits .................................................................38
6.08.   Mandatory Distribution of Benefits .....................................................39

ARTICLE VII - DEATH BENEFITS .....................................................................41
7.01.   Death During Employment ..................................................................41
7.02.   Death During Disability ......................................................................41
7.03.   Death After Termination .....................................................................42
7.04.   Payment of Death Benefit ...................................................................42
7.05.   Designation of Beneficiary ..................................................................42
7.06.   Restriction on Payments After Death ..................................................43

ARTICLE VIII - TERMINATION OF EMPLOYMENT AND DISABILITY ............44
8.01.   Rights on Termination Prior to Retirement or Death ............................44
8.02.   Approved Absences Not Termination ..................................................44
8.03.   Vested Benefit ....................................................................................44
8.04.   Minimum Benefits Under Prior Plan ...................................................45
8.05.   Disability ............................................................................................46
8.06.   Early Commencement of Vested Benefit .............................................48
8.07.   No Death Benefit .................................................................................49
8.08.   Reemployment of Terminated or Retired Members .............................49

ARTICLE IX - CONTRIBUTIONS TO THE TRUST ............................................................. 50
   9.01.  Contributions of the Company ......................................................... 50
   9.02.  Establishment of Trust Fund ........................................................... 50
   9.03.  Company Not Liable For Benefits .................................................... 50
   9.04.  Trust Fund Held Exclusively to Provide Benefits ........................... 51
   9.05.  Reversion of Certain Contributions ................................................ 51

ARTICLE X - ADMINISTRATION OF THE PLAN ......................................................... 52
   10.01.  Appointment of Pension Committee ................................................ 52
   10.02.  Administrator; Powers of Committee .............................................. 52
   10.03.  Action By Committee ...................................................................... 52
   10.04.  Adoption of Actuarial Tables and Assumptions .............................. 53
   10.05.  Reliance on Actuary ........................................................................ 53
   10.06.  Committee Records .......................................................................... 54
   10.07.  Committee to Direct Payments ....................................................... 54
   10.08.  Submission of Proof of Age ............................................................ 54
   10.09.  Compensation; Expenses; Indemnification ..................................... 54
   10.10.  Discretionary Action ....................................................................... 55
   10.11.  Claims Procedure ............................................................................ 55

ARTICLE XI - AMENDMENTS TO PLAN, TERMINATION, AND DISCONTINUANCE OR
SUSPENSION OF CONTRIBUTIONS ......................................................................... 58
   11.01.  Amendment By Board of Directors ................................................. 58
   11.02.  Termination of Plan or Suspension of Contributions ...................... 58
   11.03.  Benefits Nonforfeitable on Termination .......................................... 58
   11.04.  Allocation of Assets on Termination ............................................... 59
   11.05.  Pro Rata Allocation ......................................................................... 61
   11.06.  Amendments Within Five Years of Termination .............................. 61
   11.07.  Termination Payment Methods ........................................................ 62

ARTICLE XII - LIMITATION ON EARLY DISTRIBUTIONS ...................................... 63
   12.01.  Restrictions In Case of Benefit Increase ......................................... 63
   12.02.  Definitions ....................................................................................... 63
   12.03.  Restricted Amendment of Increased Benefits ................................. 63
   12.04.  Payment of Benefits Prior to Early Termination ............................. 64
   12.05.  Restriction on Distributions ............................................................ 64
   12.06.  Rule of Law or Regulation .............................................................. 65

ARTICLE XIII - TOP-HEAVY PROVISIONS ................................................................ 66
   13.01.  Article Controls ............................................................................... 66
   13.02.  Definitions ....................................................................................... 66
   13.03.  Top-Heavy Status ............................................................................ 69
   13.04.  Termination of Top-Heavy Status ................................................... 71

ARTICLE XIV - LIMITATION OF RIGHTS OF EMPLOYEES; SPENDTHRIFT PROVISION 73
   14.01.  Plan Not Contract of Employment .................................................. 73
   14.02.  No Alienation or Assignment .......................................................... 73

14.03.  Qualified Domestic Relations Order ......................................................................73

ARTICLE XV - MISCELLANEOUS ..................................................................................74
15.01.  Reliance on Legal Counsel ...................................................................................74
15.02.  Applicable Law ......................................................................................................74
15.03.  Construction ...........................................................................................................74
15.04.  Successor to Company ...........................................................................................74
15.05.  Merger of Plan .......................................................................................................74
15.06.  Allocation and Delegation of Responsibilities .....................................................75
15.07.  Facility of Payments ..............................................................................................75
15.08.  Definition of Words ...............................................................................................76
15.09.  Titles ......................................................................................................................76
15.10.  Special Provisions for Certain Leased Employees ...............................................76

ARTICLE XVI - DIRECT ROLLOVERS ..........................................................................77
16.01.  Application of this Article .....................................................................................77
16.02.  Waiver of 30-Day Notice ......................................................................................77
16.03.  Definitions..............................................................................................................77

EXHIBIT A .............................................................................................................................80

EXHIBIT B .............................................................................................................................81

EXHIBIT C .............................................................................................................................83

EXHIBIT D .............................................................................................................................85

LOOMIS-SAYLES FUNDED PENSION PLAN

Amended and Restated Agreement

WHEREAS, the Company, recognizing the contribution made to the successful operation of its business by its employees and desiring to reward such contribution, effective January 1, 1956, established a defined benefit plan for its employees who were or became eligible as participants under the Plan;

WHEREAS, the Plan was amended in separate amendments from time-to-time thereafter and was most recently amended and restated effective January 1, 1984 and January 1, 1989;

WHEREAS, the Plan was subsequently amended by the December 1994, June 1995, January 1, 1996, November 1996, February 1997, May 1999 and April 2000 Amendments;

WHEREAS, the Company wishes to again amend and restate the Plan effective January 1, 2001 to incorporate all amendments since the last restatement, to reflect changes in recent tax laws, and to make certain other plan design changes;

NOW, THEREFORE, the parties hereto, each in consideration of the covenants, agreements and declarations of the other, mutually covenant, agree and declare as follows:

## ARTICLE 1 - DEFINITIONS

Whenever used in this Plan, unless the context indicates otherwise, the following words shall have the following meanings:

1.01.  "Actuarial Equivalent" means, except as otherwise provided in Section 6.02 Option 5 and Option 6 of Section 6.02, a benefit of equivalent value when computed on the basis of interest rate of 7½% and the UP-1984 Unisex Mortality Table.

1.02.  "Annuity Starting Date" means the first day of the first period for which an amount is payable as an annuity, or in the case of a benefit not payable in the form of an annuity, the first day on which all events have occurred which entitle the Member to such benefit.

1.03.  "Base Pension Compensation" means the average amount of a Member's annual Compensation during whichever period of 36 consecutive months (or lesser period if the Member's period of employment is less than 36 months) in the last 120 months (or lesser period, if the Member's period of employment is less than 120 months) of employment prior to the date the Member's employment with the Company is terminated for any reason, that provides the highest such average.

Solely for the purpose of computing a Member's Base Pension Compensation, the following rules shall apply to the extent applicable:

(a)  In the case of a Member who receives wage continuation payments on account of sickness or disability which payments have been reduced to reflect his contemporaneous receipt of Federal Social Security (or comparable state) benefit payments, such Member shall be deemed to have received wages or salary equal to the full amount of the wage continuation payment to which he would have been entitled had he not received any Federal Social Security (or comparable state) benefits.

2

(b)     Periods of absence due to sickness or disability, other than periods of leave during which wage continuation payments are received by such Member directly from the Company, shall be completely disregarded, notwithstanding the fact that the disabled Member may be on leave of absence, may be receiving benefits under the Company's long-term disability program, and/or may be receiving credit for additional Years of Service and Years of Credited Service pursuant to Section 8.05(b).

(c)     In the case of a reemployed Member, his several periods of employment shall be deemed to be contiguous.

1.04.   "Beneficiary" means any person designated by a Member pursuant to the provisions of Article VI or VII of this Plan to receive any payment or benefit upon the death of such Member.

1.05.   "Board of Directors" means the Board of Directors of the Company as constituted from time to time.

1.06.   "Career Compensation" shall be determined on the last day of each Plan Year in which the Member is employed by the Company and means the sum of (a) the Member's Compensation for such Plan Year, plus (b) the Member's "adjusted Compensation" for prior Plan Years in which the Member was employed by the Company. A Member's "adjusted Compensation" for prior Plan Years means the sum of the Member's Compensation for such prior Plan Years as of each December 31, adjusted using the annual returns of the Loomis-Sayles Research Fund (whether positive or negative) for each such prior Plan Year, and further adjusted using the returns of the Loomis Sayles Research Fund (whether positive or negative) for the current Plan Year. If a terminated vested Member does not file a benefit election form with the Committee within 60 days after his termination, such Member's "adjusted Compensation" shall

3

be further adjusted through the date he files a benefit election form with the Committee, using the returns of the Loomis Sayles Research Fund (whether positive or negative) on the date the benefit election form is received by the Committee. In determining a Member's Career Compensation, Compensation paid before January 1, 2001, shall be disregarded and Compensation paid in the Plan Year in which the Member's employment terminates shall also be disregarded if such termination is prior to December 31.

1.07. "Code" means the Internal Revenue Code of 1986, as amended from time to time.

1.08. "Committee" means the Pension Committee constituted under Article X of this Plan in office from time to time.

1.09. "Company" means Loomis, Sayles & Company, L.P. and any subsidiary or affiliated corporation which, with the approval of the Board of Directors and subject to such conditions as the Board of Directors may impose, shall adopt this Plan, and any successor or successors of any of them which shall adopt this Plan.

1.10. "Compensation" means the amount of remuneration in the form of basic salary or wages received during the period with respect to which Compensation is being determined plus all such remuneration earned by a Member during such period but deferred pursuant to a salary adjustment agreement under the Loomis, Sayles & Company, L.P. Employees' Profit Sharing Retirement Plan and any salary reduction amount under Section 125 or 132(f) of the Code, but excludes investment performance bonuses, commissions, overtime, severance pay and any other form of compensation other than basic salaries and wages.

For Plan Years beginning before January 1, 1994, a Member's Compensation for any determination period shall not be taken into account for purposes of determining benefits under the Plan, to the extent that such Compensation exceeds $200,000 (subject to cost-of-living

4

adjustments made by the Secretary of Treasury or his delegate under Section 401(a)(17) of the Code). If Compensation for any prior determination period is taken into account in determining a Member's benefits for the current determination period, the Compensation for such prior determination period is subject to the applicable annual Compensation limit in effect for such prior determination period. For this purpose, for periods beginning before January 1, 1990, the applicable annual Compensation limit is $200,000.

For Plan Years beginning on or after January 1, 1994, the annual Compensation of each Employee taken into account under the Plan shall not exceed the OBRA '93 annual compensation limit. The OBRA '93 annual compensation limit is $150,000, as adjusted by the Commissioner for increases in the cost of living in accordance with Section 401(a)(17)(B) of the Code. The cost-of-living adjustment in effect for a calendar year applies to any period, not exceeding twelve (12) months, beginning in such calendar year over which compensation is determined (determination period). If a determination period consists of fewer than twelve (12) months, the OBRA '93 annual compensation limit will be multiplied by a fraction, the numerator of which is the number of months in the determination period, and the denominator of which is twelve (12). For Plan Years beginning on or after January 1, 1994, any reference in this Plan to the limitation under Section 401(a)(17) of the Code shall mean the OBRA '93 annual compensation limit set forth in this provision.

Unless otherwise provided under the Plan, each Section 401(a)(17) Employee's accrued benefit under this Plan will be the greater of the accrued benefit determined for the Employee under (a) or (b) below:

(a)     The employee's accrued benefit determined with respect to the benefit formula applicable for the Plan Year beginning on or after January 1, 1994, as

applied to the Employee's total years of service taken into account under the plan for the purposes of benefit accruals, or

      (b)     The sum of:

            (i)     the Employee's accrued benefit as of the last day of the last Plan Year beginning before January 1, 1994, frozen in accordance with Section 1.401(a)(4)-13 of the regulations, and

            (ii)     the Employee's accrued benefit determined under the benefit formula applicable for the Plan Year beginning on or after January 1, 1994, as applied to the employee's years of service credited to the employee for Plan Years beginning on or after January 1, 1994, for purposes of benefit accruals.

A Section 401(a)(17) Employee means an Employee whose current accrued benefit as of a date on or after the first day of the first Plan Year beginning on or after January 1, 1994, is based on compensation for a year beginning prior to the first day of the first Plan Year beginning on or after January 1, 1994, that exceeded $150,000.

1.11.   "Covered Compensation" means the average (without indexing) of the taxable wage bases in effect for the thirty-five (35) calendar years ending with the calendar year in which a Member attains (or will attain) his Social Security Retirement Age.

1.12.   "Employee" means, effective January 1, 1999, any person who is employed by the Company as a common law employee, but excludes any person who is a nonresident alien hired after January 1, 1999 who receives no earned income from the Company which constitutes income from sources within the United States. An individual shall not be considered to be an Employee unless he meets the foregoing requirements and is paid as a common law employee on the payroll of the Company at the time such individual's services are rendered to the Company,

has federal income tax withheld by the Company at such time, and receives a Form W-2 from the Company in the ordinary course with respect to such service. An Employee's employment shall be deemed to have commenced on the date on which he first performed or performs an Hour of Service as an Employee of the Company, a Related Company or a Predecessor Company.

1.13.   "ERISA" means the Employee Retirement Income Security Act of 1974, as amended from time to time.

1.14.   "Hour of Service" means:

(a)    Each hour for which an Employee is paid, or entitled to payment, for the performance of duties for the Company, a Related Company or a Predecessor Company. These hours shall be credited to the Employee for the twelve-month computation period in which the duties are performed;

(b)    Each hour for which an Employee is paid, or entitled to payment, by the Company, a Related Company or a Predecessor Company on account of a period of time during which no duties are performed (irrespective of whether the employment relationship has terminated) due to vacation, holiday, illness, incapacity (including disability), layoff, jury duty, military duty or leave of absence. Hours under this paragraph shall be calculated and credited pursuant to Section 2530.200b-2(b) and (c) of the Department of Labor Regulations which are incorporated herein by this reference;

(c)    Each hour for which back pay, irrespective of mitigation of damages, is either awarded or agreed to by the Company, a Related Company or a Predecessor Company. The same hours of service shall not be credited both under paragraph (a) or paragraph (b), as the case may be, and under this paragraph (c). These hours shall be credited to the Employee for the twelve-month computation period or

periods to which the award or agreement pertains rather than the computation period in which the award, agreement or payment is made; and

      (d)    Each hour for which an Employee is credited pursuant to Section 3.04 hereof.

Each Employee who is paid on a salaried basis will be deemed to have completed forty-five (45) Hours of Service in each week in which he has at least one (1) Hour of Service.

1.15.   "Member" means any Employee who shall have become a Member pursuant to Article III of this Plan.

1.16.   "Normal Retirement Date" means, as applied to any Member, the first day of the month next following such Member's Normal Retirement Age.  A Member shall become fully vested in his normal retirement income upon attaining his Normal Retirement Age.  The Normal Retirement Age for a Member shall be the later of such Member's 65th birthday, or the fifth (5th) anniversary of his initial membership in the Plan.

1.17.   "One-Year Break in Service" means any twelve consecutive month computation period described in Section 1.27 during which the Member has not been credited with more than 500 Hours of Service.

1.18.   "Plan" means the Loomis-Sayles Funded Pension Plan as set forth herein and as it may be amended from time to time.

1.19.   "Plan Year" means the twelve-month period ending December 31 of each year.

1.20.   "Predecessor Company" means each corporation with the name Loomis, Sayles & Company, Incorporated which has been a participating Company under the Plan.

1.21.   "Related Company" means (a) a corporation which, together with the Company, is a member of a controlled group of corporations (as defined in Section 414(b) of the Code),

(b) a trade or business (whether or not incorporated) which is under common control (as defined in Section 414(c) of the Code) with the Company. (c) a corporation, partnership or other entity which, together with the Company, is a member of an affiliated service group (as defined in Section 414(m) of the Code), or (d) any other entity required to be aggregated with the Company pursuant to regulations under Section 414(o) of the Code.

1.22.   "Social Security Retirement Age" means age 65 if the Member attains (or will attain) age 62 before January 1, 2000, age 66 if the Member attains (or will attain) age 62 after December 31, 1999 but before January 1, 2017, and age 67 if the Member attains (or will attain) age 62 after December 31, 2016.

1.23.   "Trust" means "The Loomis-Sayles Pension Trust" established pursuant to the Trust Agreement and as it may be amended from time to time.

1.24.   "Trust Agreement" means the agreement between the Company and the Trustee for purposes of holding Plan assets.

1.25.   "Trustee" means The Charles Schwab Trust Company or any duly appointed successor Trustee or Trustees of the Trust.

1.26.   "Years of Credited Service" for any Employee means his period of employment with the Company beginning on the date his employment commenced and ending on the date his employment terminates. For this purpose, an Employee shall be credited with one-twelfth (1/12) of a Year of Credited Service for each full month of employment with the Company. A Member whose employment terminates on account of disability (as defined in Section 8.05(c)) may receive additional Years of Credited Service during the period of disability as provided in Section 8.05.

1.27. "Years of Service" for any Employee means (i) the twelve consecutive month period beginning on the date his employment commenced if he has 1,000 or more Hours of Service during such period and (ii) each twelve-month period thereafter, beginning on the successive anniversary dates of such commencement of employment, during which he has 1,000 or more Hours of Service. A Member whose employment terminates on account of disability (as defined in Section 8.05(c)) may receive additional Years of Service during the period of disability as provided in Section 8.05.

## ARTICLE II - EFFECTIVE DATE

The original effective date of this Plan is January 1, 1956. The effective date of this amendment and restatement of Plan is January 1, 2001; provided, however, that (a) the deletion of the family aggregation rule from Section 1.09 is effective January 1, 1997, (b) the increase in dollar amount from $3,500 to $5,000 in Section 6.06 is effective January 1, 1999, (c) the changes to Sections 5.01(b) and 6.07 are effective January 1, 1997, (d) the deletion of former Section 15.04 (regarding top-heavy adjustment to section 415 combined limitation) is effective January 1, 2000, (e) the changes to Section 16.02 are effective August 5, 1997, (f) the deletion of former Plan sections regarding the combined limitation under Section 415(e) of the Code is effective January 1, 2000 and is applicable as of that date to all current employees and former employees whose benefit (determined without regard to the deletion of former Section 4.07) had not been fully paid out as of that date, (g) the addition of the Supplemental Retirement Income to the Plan (as defined in Section 4.02), and all plan provisions regarding the Supplemental Retirement Income, shall be effective January 1, 2002, (h) the changes to Section 4.06 are effective January 1, 2000 except that the inclusion of elective contributions in the definition of "Compensation" is effective January 1, 1998; and (i) the changes to Section 13.02(e) are effective January 1, 1998. This amendment and restatement shall apply only to Employees who are credited with one or more Hours of Service on or after January 1, 2001, except as otherwise specifically provided herein.

11

## ARTICLE III - MEMBERSHIP

3.01.    Eligibility for Membership.  Each Employee of the Company who is a Member on December 31, 2000 shall continue as a Member, subject to the provisions of this Plan.  Each other Employee, including each future Employee, shall become a Member on the first day of the month coincident with or next following the later of (a) his 21st birthday and (b) his completion of one (1) Year of Service.

3.02.    Determination of Membership.  The determination of an Employee's eligibility for membership shall be made by the Committee from the records of the Company.

3.03.    Duration of Membership; Reemployment.  Each Employee who becomes a Member shall continue as an active Member as long as he continues to be an Employee, and thereafter as former Member as long as he continues to be entitled to benefits under the Plan.  A former Member shall once again become an active Member under the Plan on the date on which he again becomes an Employee of the Company.  The amount of annual retirement income benefit to which a reemployed Member shall be entitled shall be based upon his total Years of Credited Service and Years of Service credited pursuant to this Plan; provided, however, that the retirement income so determined shall be reduced by the Actuarial Equivalent of any benefits which may have been received by such reemployed Member under the Plan prior to both his reemployment and his Normal Retirement Date or in the form of a lump sum payment as provided in Section 8.08.

3.04.    Leaves of Absence.  Except as otherwise specifically provided, in the case of an Employee who leaves the Company to enter the armed services of the United States of America and who returns to its employ at or before the expiration of 90 days after the date on which he is first entitled to be released from active duty in the armed services (or at such later date as the Company may approve or as may be required by law) or an Employee who, with the approval of

12

the Company, is absent from work without pay and on account of sickness, temporary disability, temporary layoff, jury duty, or for any other similar reason, the period of absence shall be considered as service with the Company and such Employee shall be credited by the Committee with the number of Hours of Service obtained by multiplying the number of hours in his regular work week immediately prior to the date such absence began by the duration (in weeks) of the absence; provided, however, that the maximum service granted to an Employee (other than an Employee on jury duty leave or military leave) pursuant to the provisions of this Section 3.04 shall not exceed six (6) months. For the purposes of granting leaves of absence and determining the number of credited hours, Employees in similar circumstances shall be treated alike in accordance with the standards set forth in Section 10.10. Nothing herein contained shall restrain the Company's right to terminate the employment of any Employee, whether or not during a leave of absence. If any Employee shall fail to return from an approved absence as required by the Company in accordance with the Plan, he shall retroactively lose all credit for those Hours of Service previously credited to him under this Section 3.04. Notwithstanding the foregoing to the contrary, contributions, benefits and service credit with respect to qualified military service shall be provided in accordance with Section 414(u) of the Code.

      3.05.   Service with Related Companies.

          (a)     An Employee's service with a Related Company shall be included in determining Hours of Service, Years of Service, and Years of Credited Service, in accordance with the provisions of this Plan as though his actual employment had been with the Company; provided, however, that in computing the amount of retirement income or death benefit which such Employee or his Beneficiary shall be entitled to receive under this Plan, the amount of normal retirement income of such Employee as

13

otherwise computed under this Plan shall be reduced by the value of the benefits payable to or in behalf of such Employee under the qualified pension plans of the Related Company. The relevant compensation paid to such Employee by the Related Company during any portion of the period used in measuring Base Pension Compensation shall be taken into account in determining the Base Pension Compensation of such Employee used in computing the amount of his normal retirement income under this Plan, but compensation paid to such Employee by the Related Company shall not be included in determining Career Compensation.

       (b)    If an Employee is transferred to the employ of a Related Company, he shall not be deemed to have terminated his employment with the Company as a result of such transfer. As long as such Employee continues as an employee of a Related Company, for purposes of this Plan he shall continue to be credited with Hours of Service and Years of Service for vesting and eligibility purposes in accordance with the provisions of this Plan as though his actual employment was with the Company; provided, however, that such Employee's period of employment with any Related Company and the relevant compensation paid to him by any Related Company after such transfer shall not be taken into account in computing his Years of Credited Service, Base Pension Compensation, or Career Compensation for the purpose of computing the amount of his retirement income or death benefit which such Employee (or his Beneficiary) is entitled to receive under this Plan.

ARTICLE IV - RETIREMENT INCOME

4.01.   Normal Retirement.  Each Member shall normally retire on his Normal

Retirement Date.

4.02.   Normal Retirement Income.  Each Member who shall retire at his Normal

Retirement Date shall be entitled to receive a normal retirement income equal to the sum of his

Basic Retirement Income determined under (a) below plus his Supplemental Retirement Income

determined under (b) below as follows:

      (a)    A Member's Basic Retirement Income shall equal an amount

which, if it were paid as an annuity commencing at such date and guaranteed for 10 years

and thereafter for life (the "Normal Form"), would be in an annual amount equal to the

sum of:

      (i)    1.35% of his Base Pension Compensation multiplied by the

number of his Years of Credited Service up to 25 years, plus

      (ii)    0.45% of his Base Pension Compensation in excess of his

Covered Compensation multiplied by the number of his Years of Credited Service

up to 35 years, plus

      (iii)    0.50% of his Base Pension Compensation multiplied by the

number of his Years of Credited Service in excess of 25 years.

Notwithstanding the foregoing, the normal retirement income of a Member under this

Section 4.02(a) shall be the greater of (i) the amount determined under the above plan formula,

based on all Years of Credited Service, or (ii) the amount equal to the normal retirement income

accrued by such Member on December 31, 1988.

      (b)    A Member's Supplemental Retirement Income shall be an amount

which, if it were paid in the Normal Form, would be in an annual amount equal to 0.1% of

his Base Pension Compensation multiplied by his Years of Credited Service earned after December 31, 2000, up to 33 1/3 such years. With respect to any Member who is not an Employee on or after January 1, 2002, the amount of such Member's Supplemental Retirement Income shall be zero.

The normal retirement income of a Member who retired prior to January 1, 2002 shall be governed by the terms of the Plan in effect at his retirement.

4.03.  Early Retirement.  A Member who has completed ten (10) Years of Service may retire on the first day of any month following his 55th birthday.

Effective January 1, 1997, a Member who was employed by the Memphis office of the Company on the day before the day such office closed in December 1996 and who is vested in his retirement benefit under the Plan at such time shall be deemed to meet the Years of Service requirement for early retirement under this Section 4.03 and shall be entitled to receive early retirement benefits from the Plan upon attainment of age 55 or 60, as the case may be. Such additional service credit shall not be counted towards the Member's Years of Credited Service.

The date of such retirement is herein referred to as the Early Retirement Date. A Member who retires on an Early Retirement Date shall be entitled to receive an early retirement income which, if it were paid as an annuity commencing at such date in the Normal Form, would be in an annual amount equal to the sum of his Basic Retirement Income benefit  and his Supplemental Retirement Income benefit on his Early Retirement Date, reduced by one-half (1/2) of one percent (1%) for each month, if any, by which the commencement of his early retirement income precedes his 60th birthday.

The Member's accrued Basic Retirement Income on his Early Retirement Date shall be equal to the Basic Retirement Income under Section 4.02(a) (in the Normal Form) on the

Member's Normal Retirement Date determined as if the Member had continued in employment to that date but using his Base Pension Compensation and Covered Compensation determined on his Early Retirement Date, and multiplied by the ratio of the number of his actual Years of Credited Service to the number of Years of Credited Service he would have had if he had continued in employment to his Normal Retirement Date. The Member's accrued Supplemental Retirement Income on his Early Retirement Date shall be equal to his Supplemental Retirement Income under Section 4.02(b) accrued through such date.

4.04. Adjustment to Equalize Total Retirement Income. The amount of early retirement income payable to a Member who retires at an Early Retirement Date occurring after his 55th birthday and before the commencement of his Social Security pension may, at the election of the Member, be increased beyond the amount otherwise payable hereunder during the period between his Early Retirement Date and his Social Security commencement date, and decreased following his Social Security commencement date below the amount otherwise payable hereunder, to the end that his total retirement income from this Plan and the amount estimated to be payable from his Social Security pension will be equal at all times during his retirement. In making the adjustment in a Member's retirement income pursuant to this Section 4.04, any increases in a Member's actual Social Security pension beyond the amount estimated at the time of his retirement shall be disregarded, and such adjustment must satisfy the maximum permitted disparity requirements of Section 401(l) of the Code and the regulations promulgated thereunder.

4.05. Deferred Retirement. In the event a Member's actual retirement is deferred until a date later than his Normal Retirement Date, he shall not begin to receive his retirement income until his actual retirement except as otherwise provided in this Section 4.05 and Section 6.08. Upon his actual retirement, the amount of his annual pension payable in the Normal Form shall

17

be equal to the greater of (a) the total amount of his normal annual retirement income as determined in accordance with Section 4.02 on the basis of his Years of Credited Service and Base Pension Compensation at his actual retirement date, or (b) the total amount of his normal annual retirement income which he would have been entitled to receive under Section 4.02 if he had retired on his Normal Retirement Date, but with an increase on an Actuarial Equivalent basis to reflect deferred payment.

Notwithstanding the foregoing and effective January 1, 1993, if a Member on deferred retirement is employed on a part-time basis, the late retirement income that would have been payable to him if he had actually retired shall be paid to him notwithstanding his continued employment. Such monthly retirement income shall be adjusted once annually during the Member's continued employment to reflect any additional benefit accrual earned by such Member after the commencement of retirement income.

4.06. <u>Maximum Normal Retirement Benefit</u>. As required by ERISA, no annual normal retirement income which may be paid to a Member under this Plan shall exceed the smaller of the following amounts:

(a)  100% of the Member's highest average annual compensation (within the meaning of Section 415 of the Code but including elective contributions pursuant to Section 125, 132(f) or 401(k) of the Code) during any three (3) consecutive years of participation under the Plan, or

(b)  $140,000, as adjusted for cost-of-living increases under Section 415(d) of the Code (the "defined benefit dollar limitation").

(i)  If the Member has less than ten (10) years of participation in the Plan, the defined benefit dollar limitation is reduced by one-tenth (1/10th)

18