June 30, 2004

Via Certified Mail/Return Receipt Requested
Loomis-Sayles Funded Pension Plan
Loomis, Sayles & Company, L.P.
One Financial Center
Boston, MA 02111

<u>**Re:**</u>   <u>**Loomis-Sayles Funded Pension Plan**</u>

Dear Members of the Committee:

I received a statement of my vested accrued benefit in the Loomis-Sayles Funded Pension Plan (the "Plan) on March 26, 2004. As a result of my review of my benefit statement, and based on the reasons below, I hereby request that I be granted the enhanced retirement benefits provided under the Second Amendment to the Plan. This letter represents my written claim for such enhanced retirement benefits.

On or about May 29, 2002, I informed Kevin P. Charleston, Chief Financial Officer at Loomis, Sayles & Company ("Loomis") that I was considering accepting a position at another company and that my decision, and particularly its timing, was dependent on whether Loomis would be offering a retirement incentive package, as I had reason to believe that such a package would soon be offered. Mr. Charleston responded that it was possible that Loomis would be offering an incentive package but there was none specifically planned, and that he would keep me informed and do everything possible to make sure that I qualified for any package that might be offered.

In addition, Mr. Charleston informed me at this time that I must take all compensation for unused vacation time as a lump sum payment at the time that my employment with Loomis was terminated, and that I would be unable to apply any unused vacation to extend my term of employment with Loomis in order to qualify for any incentive package, should one be offered.

Throughout June of 2002, Mr. Charleston continued to assure that there were no plans to offer an incentive package at that time.

Relying on Mr. Charleston's assurances that there were no plans to offer an incentive package, I accepted a position with another company and resigned my employment with Loomis as of July 5, 2002.

Immediately prior to tendering my resignation, I was again told by Mr. Charleston that there were no plans to offer an early retirement incentive program in the foreseeable future.

As you know, Loomis did indeed offer an early retirement incentive package to employees with a qualification date of July 15, 2002, a mere ten (10) days after my resignation.

In addition, I have learned of at least one employee who was allowed to use his unused vacation time to extend his employment term in order to qualify for the early retirement incentive package.

If I had been informed that there was going to be an early retirement incentive package offered, I would have delayed my resignation from Loomis until after the date of qualification. In addition, if I had been informed that I could use my vacation time to extend my employment term in order to qualify for the package, I would have done so rather than taking a lump sum payment for the value of the vacation time, as my unused time would have been enough to qualify me for the package.

Because the incentive package was offered so soon after I resigned, I believe that it was being planned all along even while Mr. Charleston continued to insist that there were no plans to offer a package. Accordingly, I feel that I was intentionally misled when I was told that no early retirement incentive was planned.

Therefore, I hereby make a claim for the enhanced retirement benefits provided under the Second Amendment to the Loomis-Sayles Funded Pension Plan.

Please respond to this claim as soon as possible, but no later than 90 days from its receipt, as required by law.

Sincerely,

*[signature]*

Philip R. Murray

cc:   Cynthia Hartman
      Roderick O. Ott
      W. Terence Jones

**LS | LOOMIS + SAYLES** INVESTMENT COUNSELING

ROBERT G. IX, CFA, CIC
Vice President
tel 617-346-9876
fax 617-423-3067
rix@loomissayles.com

July 30, 2004

VIA FEDERAL EXPRESS

Philip Murray
453 Warren Street
Needham, MA 02492

RE: Claim for Enhanced Pension Benefits

Dear Phil:

We are in receipt of your letter dated June 30, 2004. In your letter you state that you received a statement of your vested accrued benefit in the Loomis Sayles Funded Pension Plan (the "Pension Plan") on March 26, 2004. You further state that "[a]s a result of my review of my benefit statement" and the reasons in your letter you are submitting a written claim for the enhanced pension benefit provided under the Second Amendment to the Pension Plan.

Your submission of a claim under the Pension Plan is untimely and, therefore, is not appropriate for review by the Pension Committee. Article 10.11(e) of the Pension Plan addresses the applicable time period for the filing of a claim for benefits with the Pens Committee. This section states, in relevant part:

"(e)   In no event may a claim for benefits be filed by a claimant more than 1 days after the applicable "Notice Date," as defined in (i) through (iv) below."   Articl 10(e) (iv) read as follows:

"In any case where the Committee provides an individual, in connection with distributable event under the Plan, a written statement of his or her vested Accrued Benefit and/or the respective values of the forms of benefit available of a specific date, the Notice Date shall be the latest date of the Participant's receipt of such notice."

On October 15, 2002, you received a written statement of your Pension Plan accrued benefit from Ivy Koch, the designee of the Pension Committee who sends out Pension benefits statements. Attached please find a copy of that letter and benefits statement. It is clear from that letter and the statement of benefits provided with it that you would not be receiving the enhanced pension benefit provided under the Second Amendment to the Pension Plan. Your letter dated June 30, 2004 was sent over a year and a half after receipt of this October 2002 statement of your Pension benefits.

Additionally, even if you had not received the October 15, 2002 letter from Ivy Koch, you were on record notice that you were not receiving the enhanced pension benefit and that you needed to pursue your administrative remedy through the Pension Committee. It is my understanding that on or about November 11, 2002, after receipt of the letter from Ms. Koch, you filed a lawsuit against Loomis Sayles and Kevin Charleston alleging the same facts that are contained in your June 30, 2004 letter. The commencement of a lawsuit was an unequivocal acknowledgement that you knew you would not be receiving the enhanced pension benefit. In correspondence surrounding the lawsuit and in the responsive pleadings filed by Loomis Sayles, you were expressly told that you had failed to exhaust your administrative remedies. Attached please find a November 22, 2002 from Loomis Sayles as well as an excerpt from the firm's Motion to Dismiss your complaint. Both of these documents show that Loomis Sayles made it very clear to you that instead of pursuing litigation you needed to use the claims procedure available to you under the Pension Plan.

Finally, it is my understanding that the litigation you did pursue was dismissed and no right to appeal remains. By its dismissal of your complaint, a court of competent jurisdiction concluded that you were not entitled to these benefits. Consequently, the principle of res judicata applies.

Since you failed to file a claim with the Pension Committee until June 30, 2004, and for all reasons stated herein, the submission is untimely and is not subject to review.

Sincerely,

Robert K
Chair, Pension Committee

JFR/ec

cc:   Marian Tse, Esq.