UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PHILIP R. MURRAY,
          Plaintiff
vs.
                                        CIVIL ACTION NO.

                                        04-12171 NMG
LOOMIS SAYLES & COMPANY, INC.,
LOOMIS SAYLES & COMPANY, LP,
LOOMIS SAYLES & COMPANY, LP
PENSION COMMITTEE, LOOMIS-
SAYLES FUNDED PENSION PLAN,
and KEVIN P. CHARLESTON,
          Defendants

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### PARTIES

1.    The Plaintiff, Philip R. Murray, is an individual
residing at 453 Warren Street, Needham, Norfolk County,
Massachusetts.

2.    The Defendant Loomis Sayles & Company, Inc.
(hereinafter "Loomis, Inc."), is a Massachusetts corporation
with a principal place of business at One Financial Center,
Boston, Suffolk County, Massachusetts.  Loomis, Inc. is the
General Partner of the Defendant Loomis, Sayles & Company,
LP.

3.  The Defendant, Loomis, Sayles & Company, LP
(hereinafter "Loomis, LP") is a Delaware Limited Partnership
which does business in Massachusetts at One Financial
Center, Boston, Suffolk County, Massachusetts.  Its agent
for service in the Commonwealth is Corporation Service

I

I

Company, 84 State Street, Boston, Suffolk County, Massachusetts.

4.   Loomis, Inc. and/or Loomis, LP is the sponsor of the Defendant Loomis-Sayles Funded Pension Plan.

5.   The Defendant, Kevin P. Charleston (hereinafter "Charleston") is an individual residing at 12 Georgetown Lane, North Easton, Bristol County, Massachusetts, and at all times relevant to this Complaint was the Chief Financial Officer of the Defendant Loomis, LP.

6.   The Plaintiff was employed by the Defendant Loomis, LP from September 1, 1985 until July 5, 2002, most of that time as Treasurer.

7. The Loomis-Sayles Funded Pension Plan (the "Plan") is an employee pension benefit plan as that term is defined under § 3 (29 U.S.C. § 1002) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). 29 U.S.C. § 1001, et. seq.. Said Plan is attached hereto as Exhibit 1.

8.   At all material times, the Plaintiff was a participant in the Plan, and the Plan, and Loomis, LP and/or Loomis, Inc. as Plan Administrator, owed the Plaintiff a fiduciary duty, which consisted among other things of a duty of full and candid disclosure of all facts relevant to his decision whether or not to participate in a certain manner in the Plan.

2

9.  Upon information and belief, Loomis, LP and/or
Loomis, Inc. acted at material times by and through the
Defendant Pension Committee.

JURISDICTION AND VENUE

10.  This is a cause of action pursuant to ERISA to
recover definite and ascertainable amounts under the terms
of the Defendant Plan, to enforce the Plaintiff's rights
under the terms of the Plan, for attorney's fees and costs
and for other relief as set forth in § 502 of ERISA, 29
U.S.C. § 1132.

11.  The Plaintiff brings this action for the
Defendants' breach of fiduciary duty as well as for their
interference with his rights to attain benefits. § 510 of
ERISA, 29 U.S.C. § 1140.

12.  The Plaintiff also brings related common law
claims.

13.  The jurisdiction and venue is proper in the Boston
Division of the District of Massachusetts pursuant to § 502
of ERISA, 29 U.S.C. § 1132(e)(1) and (2) in that the
Defendants breached their duties to the Plaintiff in this
District.

FACTS

14.  In the months prior to May, 2002, the Plaintiff
had reason to believe that Loomis, LP intended to
restructure and/or reduce its work force, and would be

3

offering a benefits package as an incentive for employees to take early retirement.

15.   Throughout the winter and spring of 2002, the Plaintiff had several conversations with the Defendant Charleston regarding Loomis, LP's plans to offer such a package, and Charleston stated that he would keep the Plaintiff informed of any such plans.

16.   On or about May 29, 2002, the Plaintiff informed Charleston that he was considering retiring from Loomis, LP and accepting a position at another company and that his decision, and particularly its timing, was dependent on whether Loomis would be offering a retirement incentive package.

17.   Charleston represented that there was a retirement incentive package being worked on but not specifically planned for the foreseeable future, but he would keep the Plaintiff informed and do everything possible to make sure the Plaintiff qualified for any package that would be offered.

18.   Charleston further informed the Plaintiff that he must take all compensation for unused vacation time as a lump sum at the time his employment with Loomis was terminated, and would be unable to use the vacation to extend his term of employment with Loomis in order to qualify for an incentive package if one were offered.

4

19.  Throughout June, 2002, Charleston continued to inform the Plaintiff that no incentive package was yet being offered, or would be in the foreseeable future.

20.  In reliance upon these representations, the Plaintiff accepted an offer of employment with another company and resigned his employment with Loomis as of July 5, 2002.

21.  The Plaintiff delayed his resignation date in order to assist with the transition and also in order to qualify for any incentive package that might be offered. However, he was again informed by the Defendant Charleston that no plan would be offered within a foreseeable timeframe.

22.  When the Plaintiff made specific inquiry of the Defendants regarding plans for a retirement incentive plan, they became obligated not to make misrepresentations, either negligently or intentionally, concerning said plans.

23.  In spite of this obligation, the Defendants breached their fiduciary duty with respect to a plan solely in the interest of participants and beneficiaries and for the exclusive purpose of providing benefits to them.

24.  The Defendants' conduct in not disclosing its plans to the Plaintiff upon request was unfair and deceptive, arbitrary and capricious.

5

5

25. The Plaintiff subsequently learned that Loomis in fact offered an early retirement incentive package to employees with a qualification date of July 15, 2002, just ten days after the effective date of the Plaintiff's resignation.

26. The Plaintiff further learned that at least one other employee was allowed to use unused vacation time to extend his employment term in order to qualify for the package.

27. Loomis offered this incentive package partially in the form of a Second Amendment to the Plan, effective July 15, 2002, adding an Article to the Plan entitled Enhanced Retirement Benefits. See Exhibit 2.

28. Loomis was in the process of planning and drafting said Second Amendment and the retirement incentive package well before its effective date, including during the time when the Plaintiff was told that no such plan was being contemplated within the foreseeable future.

29. If the Plaintiff had been informed of the early retirement incentive package being offered, he would and could have delayed his resignation from Loomis until after the date of qualification.

30. If the Plaintiff had been informed that he could use vacation time to extend his employment term to qualify for the package, he would have done so rather than taking a

6

lump sum payment for the value of the vacation time, and his unused time would have been sufficient to qualify him for the package even given his resignation date of July 5, 2002.

31.    The Plaintiff would therefore have been eligible for full benefits under the retirement incentive package, including the Enhanced Retirement Benefits under the Plan as amended.

32.    These benefits included the addition of five years of service to the Plaintiff's pension calculation, health benefits, and a lump sum payment equal to one week of compensation for each year of service plus any retention bonus awards scheduled for October, 2002 and subsequent years.

33.    As a direct result of the Defendants' violations of ERISA and other law, the Plaintiff has had to incur attorney's fees, litigation costs and other expenses.

34.  The Plaintiff has exhausted all administrative remedies and plan appeal procedures, including orally requesting the right to participate in the Enhanced Retirement Benefits plan, submission of claim for benefits and an appeal of the denial of claims, attached hereto as Exhibit 3.

35.    The Defendants claim that the Plaintiff did not exhaust his administrative remedies, and have denied his claim.

7

7

<u>COUNT I</u>

MURRAY VS. LOOMIS, INC., LOOMIS LP, PLAN and COMMITTEE
BREACH OF FIDUCIARY DUTY UNDER ERISA

36. The Plaintiff realleges and incorporates the above paragraphs by reference.

37. The Defendants Loomis, Inc., Loomis LP, Plan and Committee acted in their own self-interest and breached their fiduciary duty to the Plaintiff by, in response to specific inquires of the Plaintiff, misrepresenting the status of the Second Amendment and failing to disclose that Loomis was planning to implement a retirement incentive package within a matter of weeks, all in violation of § 404 of ERISA, 29 U.S.C. § 1104(a).

38. These actions have resulted in the loss of vested benefits to the Plaintiff as well as other damages, including economic damages, consequential damages and emotional distress.

WHEREFORE, the Plaintiff demands relief pursuant to 29 U.S.C. §1132(a)(3) as well as such other relief that the Court deems just.

<u>COUNT II</u>

MURRAY VS. LOOMIS, INC., LOOMIS LP, PLAN and COMMITTEE
DISCRIMINATION UNDER ERISA

39. The Plaintiff realleges and incorporates the preceding paragraphs by reference.

8

40.   The Defendants Loomis, Inc., Loomis LP, Plan and Committee have unlawfully discriminated against the Plaintiff as a participant in the Plan for the purpose of interfering with the attainment of rights to which he was, and may have become, entitled to under the Plan, all in violation of § 510 of ERISA, 29 U.S.C. § 1140.

WHEREFORE, the Plaintiff demands relief pursuant to 29 U.S.C. §1132(a)(3) as well as such other relief that the Court deems just.

## COUNT III

### MURRAY VS. ALL DEFENDANTS

### MISREPRESENTATION

41. The Plaintiff realleges and incorporates the preceding paragraphs by reference.

42.   The Defendants owed a duty of disclosure to the Plaintiff, including a duty not to negligently or intentionally mislead the Plaintiff or misrepresent the facts to the Plaintiff concerning the status of a retirement incentive package.

43.   In breach of the Defendants' duty to the Plaintiff, the Defendants negligently or intentionally made misrepresentations of fact and otherwise misled the Plaintiff into resigning his position earlier than he otherwise would have.

9

44. The Plaintiff reasonably relied on the representations and information he received from the Defendants and was damaged as a result thereof.

WHEREFORE, the Plaintiff demands full damages of at least $250,000.00, interest, attorney's fees and costs as well as other relief that the Court feels is just.

THE PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY ON ALL ISSUES HEREIN.

DATED: December 18, 2004

Respectfully submitted,
PHILIP MURRAY,
By his attorney,

Cynthia B. Hartman
    BBO No. 559486
Roderick O. Ott
    BBO No. 380935
Gordon, Mond & Ott, P.C.
One Batterymarch Park
Suite 310
Quincy, MA 02169
617-786-0800

I hereby certify that I have served the above document upon all parties by mailing a true and complete copy thereof via first class mail to counsel of record this ___ day of _____

Cynthia B. Hartman

10

10