UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHILIP R. MURRAY,<br><br>    <u>Plaintiff</u>,<br><br>v.<br><br>LOOMIS SAYLES & COMPANY, INC.,<br>LOOMIS SAYLES & COMPANY, LP,<br>LOOMIS SAYLES & COMPANY, LP<br>PENSION COMMITTEE, LOOMIS-SAYLES<br>FUNDED PENSION PLAN, and KEVIN P.<br>CHARLESTON,<br><br>    <u>Defendants</u>. | Civil Action No. 04-12171 NMG |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

Defendants Loomis Sayles & Company, Inc. ("Loomis Inc."), Loomis Sayles & Company, LP ("Loomis LP" or the "Company"), Loomis Sayles & Company, LP Pension Committee (the "Pension Committee"), Loomis-Sayles Funded Pension Plan (the "Pension Plan"), and Kevin P. Charleston ("Mr. Charleston") (collectively, the "Defendants") hereby submit this Reply Memorandum In Further Support of their Motion to Dismiss the Complaint. For the reasons set forth below, and those set forth in their principal Memorandum, Defendants state that this Court should dismiss the Complaint and with prejudice.[1]

---

[1] Please note that this Reply Memorandum is not intended to address all of the arguments raised in Plaintiff's Opposition to Defendants' Motion to Dismiss. Rather, the Reply Memorandum responds only to Plaintiff's challenge to the proper application of <u>res judicata</u>. This ground alone is sufficient to warrant dismissal of the Complaint in its entirety.

I.     **THE COMPLAINT IS BARRED BY PRINCIPLES OF RES JUDICATA.**

   A.   **A Dismissal For Failure To Exhaust Administrative Remedies, Where The Period For Exhaustion Has Expired, Constitutes A Decision "On The Merits" For Res Judicata Purposes.**

In his Opposition to Defendants' Motion to Dismiss, Plaintiff argues that the Court's prior decision to grant Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint does not support the application of res judicata. (Plaintiff's Opposition, at 8.)[2] Plaintiff rests this contention on the fact that the Court granted the Defendants' dispositive motion because Plaintiff failed to exhaust required administrative remedies prior to filing his Amended Complaint, a failure that Plaintiff now characterizes as a procedural defect with no res judicata implications. This assertion is without merit. Plaintiff's failure to exhaust administrative remedies prior to filing his Amended Complaint in this case was no mere procedural lapse. Rather, it represented a fatal flaw in his claim "on the merits" because, at the time of the Court's entry of judgment (as well as the date the Court actually granted Defendants' Motion), Plaintiff's time period for exhausting compulsory administrative remedies under the

---

[2] It should be noted at the outset that, in this circuit, as in many others, the prevailing rule is that a dismissal pursuant to Rule 12(b)(6) is presumed to be with prejudice, and thus carrying claim preclusive effect in a subsequent action between the parties or their privies. See U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004) ("It is well settled in this circuit that dismissal ... pursuant to Fed. R. Civ. P. 12(b)(6) is a final decision on the merits .... Moreover, in the absence of a clear statement to the contrary, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice.") (internal citations omitted); see also Swaida v. Gentiva Health Servs., 238 F. Supp.2d 325, 328 (D. Mass. 2002) (dismissal for failure to state a claim constitutes a judgment on the merits for res judicata purposes, and there need be no specific notification that dismissal was on the merits since it is "presumed to be with prejudice unless the order explicitly states otherwise ..."); Andrews-Clarke v. Lucent Tech., Inc., 157 F. Supp.2d 93, 99 (D. Mass. 2001) ("A dismissal for failure to state a claim is a dismissal on the merits .... This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect."); Connaughton v. New England Telephone and Telegraph, 1988 WL 34321 (D. Mass. 1988) ("A dismissal on a 12(b)(6) motion for failure to state a claim is a judgment "on the merits" for purposes of res judicata.").

Pension Plan had already expired.[3] See Kratville v. Runyon, 90 F.3d 195, 198 (7th Cir. 1996) (in affirming district court's grant of summary judgment dismissing plaintiff's claims under Title VII and the Rehabilitation Act for failure to exhaust administrative remedies, where the time period for exhaustion had expired and plaintiff could thus not cure the defect, the Seventh Circuit held that "[a] decision by a federal court that ... an administrative deadline bars an action is a decision on the merits for purposes of claim preclusion") (citing Reinke v. Boden, 45 F.3d 166, 168 (7th Cir. 1995), cert. denied, 516 U.S. 817 (1995)); see also Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999) (in affirming the district court's dismissal of plaintiff's ADA claim for failure to exhaust administrative remedies, where time period for exhaustion had expired, the Court stated that plaintiff's failure to exhaust "within the prescribed time limits ... bar[red] the courthouse door"); Cole v. Miraflor, 2003 WL 2170760 at *3 (S.D. N.Y. 2003) (dismissing plaintiff's claim under Prison Litigation Reform Act on defendant's Rule 12(b)(1) motion with prejudice, because plaintiff "[was] unable to cure the failure to exhaust his administrative remedies with respect to the allegations made in [his]complaint"); Maldonado-Cordero v. AT&T, 73 F. Supp.2d 177 (D.P.R. 1999) (dismissing with prejudice Title VII claims

---

[3] Plaintiff received notice from the Defendant Pension Committee by letter dated October 15, 2002, informing him that he had been denied benefits under Loomis LP's enhanced retirement plan. (See Exhibit A to Defendants' Memorandum of Law.) The Pension Plan, to which the enhanced retirement incentive at dispute in this case is an amendment, provides that a claim for benefits must be filed within 120 days of the date the individual receives notice that he or she is being denied benefits. (See Exhibit 1 to Complaint, at Section 10.11(e).) According to the terms of the Pension Plan, therefore, Plaintiff needed to file a claim for benefits on or before February 15, 2003. Plaintiff undeniably failed to do so. (Despite being on notice of the need to exhaust administrative remedies, Plaintiff waited until June 30, 2004 – more than one full year after his 120-day time period to file had expired – to pursue such benefits.) Thus, as of April 17, 2003, the date that the Court's decision to grant Defendant's Motion to Dismiss the Amended Complaint was entered, see Exhibit D to Defendants' Memorandum of Law, Plaintiff's time period for exhausting the Pension Plan's administrative remedies had already run out months earlier. Therefore, at the time of the Court's entry of judgment in this case, Plaintiff's default was not susceptible to cure.

that were not properly exhausted at administrative level and which could not have been timely cured).[4]

That a dismissal for failure to exhaust administrative remedies (where the time period for exhaustion has expired) constitutes a decision on the merits invested with res judicata effect finds further confirmation in the numerous ERISA cases holding that the failure to exhaust may result in dismissal with prejudice (or summary judgment) in any lawsuit brought to challenge the denial of benefits by an ERISA-covered plan. See Harrison v. United Mine Workers of America 1974 Benefit Plan & Trust, 941 F. 2d 1190 (11th Cir. 1991) (affirming summary judgment for benefit plan because plaintiff failed to exhaust administrative remedies); Springer v. Wal-Mart Assoc. Group Health, 908 F. 2d 897 (11th Cir. 1990) (holding that district court abused its discretion when it failed to dismiss plaintiff's claims for benefits under an ERISA-covered plan where plaintiff had failed to exhaust the plan's internal appeals process); Guerrero v. Lumbermen's Mutual, Casualty Co., 174 F. Supp.2d 1218 (D. Kan. 2001) (granting summary judgment for defendant based on plaintiff's failure to timely exhaust administrative remedies under ERISA); Petropoulos v. Outboard Maine Corp. Employees Pension Plan, 1995 WL 452995 (N.D. Ill. 1995) (holding defendant entitled to summary judgment, and that plaintiff was precluded from recovering benefits under ERISA because he failed to exhaust administrative remedies); Graham v. Fed. Express Corp., 725 F. Supp. 429 (W.D. Ark. 1989) (holding that plaintiff's action under

---

[4] Further support to the proposition that dismissal for failure to exhaust administrative remedies represents a dismissal on the merits for res judicata purposes (where the time period for exhaustion has expired) lies in the fact that such administrative default is conceptually indistinguishable from the failure to file an action within the applicable statute of limitations. A dismissal in such circumstances is routinely treated as a disposition on the merits for claim preclusion purposes. See Kale v. Combined Ins. Co. of America, 924 F.2d 1161, 1164-65 (1st Cir. 1991) ("It is beyond peradventure that the dismissal of a claim as time-barred constitutes a judgment on the merits, entitled to preclusive effect") (citing Rose v. Town of Harwich, 788 F.3d 77, 80 (1st Cir. 1985) (collecting cases giving claim-preclusive effect to dismissals based on statute of limitations), cert. denied, 476 U.S. 1159 (1986)).

ERISA was procedurally barred because "plaintiff ...failed to exhaust her administrative remedies and ... pursuit of those remedies at this time would be barred") (citing Gray v. Dow Chemical Co., 615 F. Supp. 1040 (W.D. Pa. 1985) and Ridens v. Voluntary Separation Program, 610 F. Supp. 770, 778 (D. Minn. 1985)); Tiger v. AT&T Tech. Plan for Employees' Pension, Disability Benefits, 633 F.Supp. 532, 534 (E.D. N.Y. 1986) (holding that, "absent equitable considerations, the failure to comply with reasonable time constraints prescribed by the Plan's review procedures precludes judicial review of a claim for benefits"); cf. Kinkead v. Southwestern Bell Corp., 111 F.3d 67 (8th Cir. 1997) (affirming district court's decision to grant motion to dismiss because plaintiff failed to exhaust her administrative remedies under an ERISA-covered plan).

As the Fourth Circuit has stated, "Congress' apparent intent in mandating these internal claims procedures was to minimize the number of frivolous ERISA lawsuits; promote the consistent treatment of benefit claims; provide a nonadversarial dispute resolution process; and decrease the cost and time of claims settlement." Makar v. Health Care Corp. of Mid-Atlantic, 872 F.2d 80, 83 (4th Cir. 1989). Consequently, equity and the underlying principles of ERISA's exhaustion requirement, which sources to the statutory obligation that all ERISA plans must have claims procedures, dictate that a dismissal for failure to exhaust administrative remedies where plaintiff's time for exhaustion has expired (and where the failure to exhaust is not attributable to improprieties on the part of the defendant) must be deemed a judgment "on the merits" with res judicata effect.[5] Any other result would render the exhaustion requirement meaningless. See

---

[5] This situation is factually and legally distinguishable from the circumstance in which the plaintiff has failed to exhaust administrative remedies but the time period for exhaustion has not expired. In such circumstances, dismissal should not be treated as on the merits, because the procedural defect is susceptible to cure and the plaintiff should be afforded the opportunity for same.

Graham, 725 F. Supp. at 437 ("Permitting a claimant to maintain an action after deliberately disregarding the Plan's stated review procedures ... would impose substantial hardship upon the Plan and its thousands of participants, since Plan fiduciaries would be compelled to manage the Plan assets under the shadow of claims that might not be revived until years after the specified appeals period has elapsed. Such protracted delays clearly hinder the efforts of plan administrators and Courts in evaluating claims, given the inevitable problems involving staleness of proof. Accordingly, ... the failure to comply with reasonable time constraints prescribed by the Plan's review procedures precludes judicial review of a claim for benefits.") (citing Tiger v. AT&T); see also Petropoulos, 1995 WL 452995 at *4 ("Allowing plaintiff to exhaust internal remedies at his leisure, instead of following the time limits of the plan, circumvents ... strong federal policies. In addition, allowing plaintiff to ignore defendant's administrative procedures ignores Congress' mandate to have such procedures in place.").

No injustice will occur if this Court recognizes that the prior dismissal of Plaintiff's Amended Complaint for failure to exhaust administrative remedies was a dismissal on the merits entitled to res judicata effect. To the precise contrary, any other outcome would undermine the fundamental purpose of the exhaustion requirement itself, and disserve the core policy of judicial economy that informs the doctrine of claim predecision. Moreover, application of this legal principle in the case at bar is entirely appropriate, because Plaintiff's failure to exhaust his administrative remedies prior to filing suit was inexcusable. Plaintiff was well aware that, prior to filing a civil action, the Pension Plan at issue in this case required him to exhaust a set of administrative remedies. Indeed, on or about November 22, 2002 – less than two weeks after Plaintiff commenced his Original Action and well before the Amended Complaint was filed – Loomis LP specifically notified Plaintiff, through his counsel, that the Pension Plan required him

to exhaust his administrative remedies prior to filing an action in court. See November 22, 2002 letter from John F. Russell, Vice President and General Counsel of Loomis LP, to Cynthia Hartman, counsel for Plaintiff, attached hereto as **Exhibit A**.[6]

In his Opposition, Plaintiff asserts that he properly exhausted administrative remedies because he filed a claim for benefits within 120-days after receipt of a March 26, 2004 statement of vested benefits from the Company in accordance with Section 10.11(e)(iv) of the Pension Plan. (Plaintiff's Opposition, at 16.) Plaintiff's assertion is without merit. First, Plaintiff's reliance on Section 10.11(e)(iv) is misplaced. Section 10.11(e)(iv) applies, as its plain language makes clear, "in connection with a distributable event." As the Complaint itself implicitly acknowledges, there was no distributable event in this case. See generally Complaint.[7] Second,

---

[6] The Court may consider this November 22, 2002 letter without converting Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) into a motion for summary judgment, because the November 22, 2002 letter is was an attachment to and specifically referenced in Exhibit 4 to Plaintiff's Complaint. See Waterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993) (holding that in addition to considering document attached to the complaint or incorporated by reference therein, courts may consider documents sufficiently referred to in the complaint without converting the motion to dismiss into one for summary judgment).

[7] Plaintiff's related suggestion that a new time clock for exhausting one's administrative remedies should start each time an individual receives a written statement of benefits flies in the face of common sense and is unsupported by law. See Burfield v. Brown, Moore & Flint, Inc., 51 F.3d 583, 589 (5th Cir. 1995) (per curiam) (statute of limitations begins to run on date employee receives unequivocal notice of termination); Chardon v. Fernandez, 454 U.S. 6, 8 (1981) (per curiam) (statute of limitations starts on date employee receives notice of discharge, because "the proper focus is on the time of discriminatory act, not the point at which the consequences of the act become painful"). Courts consistently reject attempts by employees to restart limitation periods by pointing to re-affirmations of earlier decisions claimed to be discriminatory. See Conner v. Reckitt & Colman, Inc., 84 F.3d 1100, 1102 (8th Cir. 1996) ("[A]llowing Conner to restart the statute of limitations by sending a letter requesting reasonable accommodations after she has been unequivocally fired would destroy the statute of limitations"); Martin v. Southwestern Virginia Gas Co., 135 F.3d 307, 310 (4th Cir. 1998) ("Martin's request for reasonable accommodation was merely a consequence of Southwestern's previous unequivocal decision to discharge Martin and thus does not provide Martin with a separate cause of action accruing after the effective date of the ADA."); Dugan v. Ball State Univ., 815 F.2d 1132, 1135 (7th Cir. 1987) ("[T]he fact that an employee continues to argue an employment decision does not make the decision any less final . . . . Any other holding would

the proper subparagraph of Section 10.11(e) which does govern this case is Section 10.11(e)(iii). Under this subsection, Plaintiff was required to file a claim for benefits within 120-days of receiving a written determination that he was not getting such benefits. As Plaintiff himself concedes in his Opposition, Mr. Murray received such notice in October, 2002. (Plaintiff's Opposition, at 17.) Plaintiff was thereby placed on notice that he was not receiving benefits under the enhanced retirement plan, and should have filed a claim for benefits within 120 days of receipt of this determination letter. (Id.) Third, in his Opposition, Plaintiff states that this Court should excuse his failure to exhaust because he was "not informed of the Plan's administrative procedures until more than 120 days after receiving the October, 2002 determination letter." (Id.) This statement is simply untrue, as evidenced by the Company's November 22, 2002 letter to Plaintiff's counsel, in which Loomis LP explicitly advised Plaintiff of his need to exhaust administrative remedies and even offered to treat his attorney's letter as a claim for benefits under the Pension Plan. See Exhibit A, attached hereto.

As set forth above, this Court's prior dismissal of Plaintiff's Amended Complaint was a disposition "on the merits." For this reason, all of the benefits-related claims set forth in the instant Complaint, regardless of whether or not they were included as claims in the Amended Complaint, are barred as a matter of law on res judicata grounds. See Kale, 924 F.2d at 1164-65 ("Once there has been an adjudication on the merits, federal law stipulates that all claims which 'are part of the same cause of action' are extinguished, whether or not actually asserted in the original action .... In other words, the doctrine of res judicata ... insists that the decision in [the first action] must preclude in a subsequent suit (1) all claims which were actually brought in [the

---

mean that a plaintiff could always resuscitate a stale claim by asking for reconsideration."); Burnam v. Amoco Container Co., 755 F.2d 893, 894 (11th Cir. 1985) (per curiam) ("[A] failure to rehire subsequent to an allegedly discriminatory firing, absent a new and discrete act of discrimination in the refusal to rehire itself, cannot resurrect the old discriminatory act.").

9620722_1                                -8-

first action] and (2) all related claims, i.e., all claims arising out of the same cause of action.");

Goya De Puerto Rico v. Munoz, 95 F. Supp.2d 61, 66 (D.P.R. 2000) ( "Claim preclusion applies not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.") (internal quotation marks omitted) (citing Cromwell v. Sac County, 94 U.S. 351, 352 (1877)).[8]

---

[8] In his Opposition, Plaintiff asserts that his latest lawsuit survives res judicata because the issues raised in this Complaint "have never been actually decided by any Court." (Plaintiff's Opposition, at 8.) In support of this contention, Plaintiff refers the Court to four cases: In re Kane, 254 F.3d 325 (1st Cir. 2001); Hoult v. Hoult, 157 F. 3d 29 (1st Cir. 1998); Gilday v. Dubois, 124 F.3d 277 (1st Cir. 1997); and Grella v. Salem Five Cents Sav. Bank, 42 F. 3d 26 (1st Cir. 1994). Plaintiff's reliance on these cases is misplaced. These cases speak primarily to the proper application of res judicata based on issue preclusion, not the doctrine of res judicata based on claim preclusion, which is the principle relied upon by Defendants to support their Motion to Dismiss. Claim preclusion, unlike issue preclusion, does not require that the issues raised in a subsequent action have been "actually litigated and determined" by a judgment in a prior one. Claim preclusion requires, rather, "a final judgment on the merits;" and, if such a judgment has been obtained in a prior action, then preclusion applies in a subsequent action to any claims that were raised or could have been raised by the parties or their privies. See Apparel Art Inter'l v. Amertex Enters. Ltd., 8 F.3d 576, 583 (1st Cir. 1995).

## CONCLUSION

For all of the foregoing reasons, and those set forth in their principal Memorandum, Defendants submit that Plaintiff has failed to state claims upon which relief can be granted. This Court should, therefore, dismiss the Complaint in its entirety.

> Respectfully submitted,
>
> LOOMIS, SAYLES & COMPANY, INC.,
> LOOMIS, SAYLES & COMPANY, LP,
> LOOMIS, SAYLES & COMPANY, LP
> PENSION COMMITTEE, LOOMIS-SAYLES
> FUNDED PENSION PLAN, and KEVIN P.
> CHARLESTON
>
> By their attorneys,
>
> /s/ Robert B. Gordon
>
> /s/ M. Concetta Burton
> Robert B. Gordon, BBO # 549258
> M. Concetta Burton, BBO # 643205
> ROPES & GRAY
> One International Place
> Boston, Massachusetts 02110-2624
> (617) 951-7000

Dated: January 10, 2005

### Certificate of Service

I hereby certify that on January 10, 2005, a true and correct copy of the foregoing document was served upon the attorney of record, Cynthia B. Hartman and Roderick O. Ott, Gordon, Mond & Ott, P.C., Gordon, Mond & Ott, P.C., One Batterymarch Park, Suite 310, Quincy, MA 02169 by first-class mail.

/s/ M. Concetta Burton
M. Concetta Burton, Esq.

**LOOMIS · SAYLES & COMPANY, L.P.**



John F. Russell
Vice President and
Assistant General Counsel

November 22, 2002

VIA FACSIMILE        617-786-9772
AND FEDERAL EXPRESS

Cynthia Hartman
Roderick O. Ott and Associates
One Batterymarch Park
Suite 310 NFPA Building
Quincy, MA 02169

    RE:    <u>Philip Murray – **Sent For Settlement Purposes Only**</u>

Dear Ms. Hartman:

    This letter addresses the allegations your colleague, Roderick Ott, raised in his August 14, 2002 letter to Robert Blanding regarding Philip Murray and the Early Retirement Incentive Program ("ERIP") at Loomis, Sayles & Company, L.P (the "Ott letter") as well as your improper filing of a complaint in Norfolk County Superior Court.

    1. <u>Improper Filing of Complaint and Failure to Exhaust Administrative Remedies.</u> You have improperly filed a complaint alleging common law misrepresentation against Loomis Sayles in Norfolk County Superior Court. Any claim that relates to benefits under an employee benefit plan such as the Loomis-Sayles Funded Pension Plan and Trust (the "Pension Plan") is governed exclusively by the Employee Retirement Income Security Act of 1974 ("ERISA") which preempts state law claims. Also, if your client is seeking the benefits provided under the ERIP, then he needs to exhaust his administrative remedies prior to the filing of a complaint. To date, your client has not pursued an administrative remedy. The Pension Plan allows a plan member to submit a claim for benefits under the Pension Plan by writing to the Loomis Sayles Retirement Committee. If the claim is denied, the plan member may, within sixty days, notify the Retirement Committee that he or she wishes to have a full review by the Retirement Committee of the decision denying the claim for benefits. The Ott

letter is not proper notice of claim for benefits as required under the Pension Plan. However, if you wish for the Ott letter to be treated as a claim for benefits, please notify me in writing, and I will forward the claim to the Chairman of the Retirement Committee for a review and response consistent with the terms of the Pension Plan.

Since your complaint was improperly filed in the Norfolk County Superior Court, we call upon you to dismiss the complaint immediately. If you fail to do so, we will be forced to seek its dismissal and move for the costs of doing so, including but not limited to our attorneys' fees.

2. <u>Allegations in the Ott Letter</u>. The Ott letter makes two principal allegations. We will address each, separately.

    A. <u>No Misrepresentations Were Made To Your Client</u>. First, the Ott letter alleges that Loomis Sayles misrepresented facts regarding the ERIP to your client. This is not true. Your client accepted a position with Wellington Management and announced to the firm that he would be leaving on June 17, 2002. Belying any intent to deny your client ERIP benefits, Loomis staff, including Kevin Charleston, actively encouraged your client to extend his employment with Loomis Sayles so that he might qualify for the ERIP. Your client was informed repeatedly by several staff at Loomis Sayles, including Kevin Charleston, Paul Sherba and Jane Tryder, that an ERIP was being formulated and was likely to be implemented in the near future. Your client, however, informed Mr. Charleston that he could not work for Loomis Sayles beyond July 5, 2002, because he had to begin employment with Wellington on Monday, July 8. He voluntarily resigned his employment with Loomis Sayles on July 5, 2002. The ERIP was available only to those employed at Loomis Sayles on July 15, 2002. It is absurd for your client now to argue that he was denied benefits under the ERIP by the action of anyone other than himself, even more so to argue he was denied ERIP benefits through misrepresentation by the very people who, after your client announced he was leaving the firm, repeatedly urged your client to extend his employment with Loomis Sayles for the sole purpose of helping him increase his chances of qualifying for benefits under the ERIP.

    B. <u>No Employee's Termination Date Was Extended by Vacation to Qualify For The ERIP</u>. Your second allegation is that a Loomis Sayles employee was allowed to extend his termination date with the firm by the use of vacation in order to qualify for the ERIP. This is not true. All employees who were eligible for the ERIP performed work for Loomis Sayles after July 15, 2002 - the commencement date of the ERIP - and did not terminate their employment until substantially after July 15th. In fact, the earliest termination date for an employee who accepted the ERIP was August 31, 2002. The prohibition on the use of vacation to extend an

employee's termination date is a long standing policy of Loomis Sayles. Your client was the author and primary enforcer of this policy. His memorandum on this matter, dated May 15, 1991, states, in part, that the "termination date is defined to be the <u>last day an employee performed work</u> for Loomis" [Emphasis in the original].

<u>Conclusion</u>.  We strongly believe that any accusation that your client was illegally denied an opportunity to receive the benefits of the ERIP is false. It is our hope that your client will review the facts and agree that no misrepresentation was made to him. Many of us at Loomis Sayles both know and respect your client, having worked with him for many years. We would be disappointed if we become adversaries in litigation.  However, we must emphasize that, if your client seeks to pursue a legal action we believe lacks merit, we will be reluctantly forced to avail ourselves of all legal avenues of redress including any causes of action we may have against him.

Please notify me in writing by Tuesday November 26, 2002 if the complaint filed in Norfolk County Superior Court has been dismissed. Please also let me know if your client wishes to pursue his administrative appeal to the Retirement Committee by treating the Ott letter as a claim for benefits under the Pension Plan.

Sincerely,

John Russell

JFR/ec

cc.  Sandy Tichenor, Esq,
     Karen Henson, Esq.    (Ropes & Gray)
     Robert Gordon, Esq.   (Ropes & Gray)
     Marian Tse, Esq.      (Goodwin, Procter & Hoar)