United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| ) | | |
| PHILIP R. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 04-12171-NMG |
| | ) | |
| LOOMIS SAYLES & COMPANY, INC., | ) | |
| LOOMIS SAYLES & COMPANY, LP, | ) | |
| LOOMIS SAYLES & COMPANY, LP | ) | |
| PENSION COMMITTEE, LOOMIS SAYLES | ) | |
| FUNDED PENSION PLAN and KEVIN P. | ) | |
| CHARLESTON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

close
Case -

**MEMORANDUM & ORDER**

**GORTON, J.**

In the instant ERISA dispute, plaintiff, Philip R. Murray
("Murray") alleges that he was wrongfully denied certain pension
benefits by the defendants.  Defendants now move to dismiss
pursuant to Fed.R.Civ.P. 12(b)(6) on the ground that plaintiff's
claims are barred by principles of res judicata.

## I.   **Factual Background**

The following facts are taken from the plaintiff's
Opposition to Defendants' Motion to Dismiss.  In September, 1985,
Murray was hired by Loomis Sayles LP ("Loomis").  In 2002, he
learned that the company was planning to restructure its
workforce and that it would be offering an enhanced benefits

-1-

package as an incentive to employees to enter early retirement. Over a period of several months, Murray had several conversations with Loomis' Chief Financial Officer, Kevin Charleston ("Charleston"), about the potential package.

On May 29, 2002, Murray informed Charleston that he was considering retiring from Loomis to accept another position but that the decision was contingent upon whether an early retirement benefits package would be forthcoming. Charleston responded that such a package was being planned and that he would make efforts to ensure that the plaintiff qualified. In response, plaintiff delayed his resignation date.

At the end of June, 2002, however, Charleston informed Murray that no package was being offered or would be in the foreseeable future. On July 5, 2002, Murray resigned from Loomis and accepted the other job.

The plaintiff later learned that an early retirement benefits package had, in fact, been offered to employees who retired on July 15, 2002 or later. The plaintiff alleges that he was intentionally misled by the defendants and that, had he known the truth, he would have delayed his retirement in order to qualify for the benefits. On October 15, 2002, plaintiff received a written statement from the Pension Committee which confirmed that he would not receive the enhanced benefits.

On November 13, 2002, plaintiff filed a complaint in Norfolk County Superior Court against Loomis and Charleston for misrepresentation. Loomis and Charleston removed the action to federal court, alleging that the court had subject matter jurisdiction because plaintiff's claim was preempted by ERISA, i.e. a federal question was presented. The case, Murray v. Loomis Sayles & Company, LP. et al., Civil Action No. 02-12456-RCL, was assigned to United States District Judge Linsday. Once in federal court, Loomis and Charleston moved to dismiss on the ground of preemption. On February 14, 2003, the Court allowed the motion but granted the plaintiff "an opportunity to amend if he can assert a claim under ERISA".

On February 28, 2003, plaintiff filed an amended complaint seeking damages under ERISA, 29 U.S.C. § 1132(a)(1)(B). On March 12, 2003, Loomis and Charleston moved to dismiss on three grounds: 1) that the plaintiff was not eligible to participate in the Plan, 2) that the plaintiff had failed to exhaust his administrative remedies under the Plan and 3) that the plaintiff had named the wrong parties as defendants. On April 3, 2003, the Court allowed the motion by endorsement, "for the reasons stated in Part II of the Defendants' memorandum", i.e. failure to exhaust administrative remedies.

Fifteen months later, on June 30, 2004, plaintiff wrote a letter to the Pension Committee stating "I make a claim for the

enhanced retirement benefits provided under the Second Amendment
to the Loomis-Sayles Funded Pension Plan". On July 30, 2004, the
Pension Committee responded in a letter stating that the claim
was untimely and would not be reviewed. The Pension Committee
highlighted the fact that plaintiff had received notice that he
would not be receiving the enhanced benefits package in a letter
dated October 15, 2002 and that Article 10.11(e) of the Plan
states that claims must be filed within 120 days of receiving
such notice.

On October 15, 2004, plaintiff filed the instant action.
The complaint is premised upon the same factual allegations of
misrepresentation contained in the prior complaints. It states
claims for breach of fiduciary duty under ERISA, Committee
Discrimination under ERISA and misrepresentation. It names all
previous defendants and three new ones: 1) Loomis Sayles &
Company, Inc., 2) Loomis Sayles & Company, LP Pension Committee
and 3) Loomis Sayles Funded Pension Plan.

On November 24, 2004, defendants moved to dismiss on two
grounds. First, they argue that plaintiff's claims are barred by
principles of res judicata. Second, they argue that the
complaint fails to state a claim upon which relief can be
granted.

-4-

## II.  **Legal Analysis**

### A.  **Legal Standard**

A court may not dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6) "unless it appears, beyond doubt, that the [p]laintiff can prove no set of facts in support of his claim which would entitle him to relief." Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir. 1998)(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  In considering the merits of a motion to dismiss, the court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken.  Nollet v. Justices of the Trial Court of Mass., 83 F. Supp. 2d 204, 208 (D. Mass. 2000) aff'd, 248 F.3d 1127 (1st Cir. 2000).  Furthermore, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000).  If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied.  See Nollett, 83 F. Supp.2d at 208.

### B.  **Analysis**

Defendants argue that plaintiff's claims are barred by the doctrine of res judicata because they were dismissed by Judge Lindsay and final judgment was rendered.  Notwithstanding the

fact that <u>res judicata</u> is an affirmative defense which requires

the defendant to prove several elements, under appropriate

circumstances it can support dismissal under Fed.R.Civ.P.

16(b)(6).   <u>In re Colonial Mortgage Bankers Corp.</u>, 324 F.3d 12, 15

(1st Cir. 2003).

Under federal law, "a final judgment on the merits of an

action precludes the parties or their privies from relitigating

claims that were raised or could have been raised in that

action."   <u>Breneman</u> v. <u>U.S. ex rel. F.A.A.</u>, 381 F.3d 33, 38 (1st

Cir. 2004)(citation and quotation omitted).   That principle,

referred to as "<u>res judicata</u>" or "claim preclusion", exists to

"relieve parties of the cost and vexation of multiple lawsuits,

conserve judicial resources, and . . . encourage reliance on

adjudication."   <u>Id.</u>   The elements of a <u>res judicata</u> defense are:

1) a final judgment on the merits in an earlier proceeding, 2)

sufficient identity between the causes of action asserted in the

earlier and later suits and 3) sufficient identity between the

parties in the two actions.   <u>Id.</u>

The first element is satisfied because the dismissal of the

original case by Judge Lindsay operates as a "final judgment on

the merits".   The law is firmly established that dismissal under

Fed.R.Civ.P. 12(b)(6) for failure to state a claim operates as an

adjudication on the merits.   <u>E.g.</u>, <u>Federated Dept. Stores, Inc.</u>

v. <u>Moitie</u>, 452 U.S. 394, 398 n.3 (1981)("dismissal for failure to

-6-

state a claim under Federal Rule of Civil Procedure 12(b)(6) is a

'judgment on the merits.'"); <u>United States ex rel. Karvelas</u> v.

<u>Melrose-Wakefield Hosp.</u>, 360 F.3d 220, 241 (1ˢᵗ Cir. 2004)(same);

<u>Swaida</u> v. <u>Gentiva Health Services</u>, 238 F.Supp.2d 325, 328

(D.Mass. 2002)(Keeton, J.)(same); <u>Rest. (2d) of Judgments</u> § 19

cmt. D.

When plaintiff's claims were dismissed for failure to

exhaust administrative remedies, the 120-day window for filing

administrative claims had already expired.  The flaw in

plaintiff's case had become incurable and the dismissal by Judge

Lindsay was intended to be final (otherwise he could have

dismissed without prejudice, as he did the first time).

Permitting plaintiff to resurrect his claims at this juncture

would be tantamount to reversing that ruling and removing the

exhaustion requirement altogether, steps this Court is not at

liberty to take.   <u>Terry</u> v. <u>Bayer Corp.</u>, 145 F.3d 28, 40 (1ˢᵗ Cir.

1998) (stating that timely exhaustion of administrative remedies

is a precondition to bringing suit to recover benefits).  Thus,

the first element of a <u>res judicata</u> defense is satisfied.

There appears to be no dispute that the second and third

elements are satisfied as well.  The second element is satisfied

because plaintiff's present and former claims all derive from

facts relating to the defendants' alleged misrepresentations

about the availability of early retirement benefits.  <u>Breneman</u>,

381 F.3d at 38 (endorsing the "transactional approach" to
determining whether two claims are sufficiently identified:
"[t]he necessary identity will be found to exist if both sets of
claims . . . derive from a common nucleus of operative facts").
The third element is satisfied because, although three new
defendants have been included in the caption, the underlying
parties (Loomis and Charleston) have not changed.  Thus, under
the above test, plaintiff's claims are barred by res judicata.

    Plaintiff fails to offer a responsive argument.  He argues
that res judicata does not bar his claims because "[o]nly issues
that have been actually litigated and determined by a judgment,
and that were essential to that judgment, are precluded in
subsequent actions".  He concludes that there is no preclusive
effect upon this litigation because "the issues raised in the
instant Complaint have never been actually decided by any Court".

    That argument is misbegotten because it states and applies
the law of issue preclusion rather than claim preclusion.
Plaintiff appears to have confused the two, as evidenced by his
citation to Rest. (2d) of Judgments § 27 (issue preclusion)
rather than to § 17(2) or § 19 (claim preclusion or "bar").[1]  In

_____

[1]It is possible that plaintiff's apparent confusion stems
from defendants' use of the term "res judicata" rather than the
more descriptive synonym, "claim preclusion".  See Black's Law
Dictionary 1337 (8th ed. 2004)(explaining that, while the term
"res judicata" refers to claim preclusion, it is often
misunderstood to refer also to issue preclusion).  Here, however,
defendants' memorandum of law and the facts of this case make it

contrast to the elements of claim preclusion described above, the elements of issue preclusion, or collateral estoppel, are that:

> 1) the issue to be precluded is the same as that disputed in the prior proceeding, 2) the issue was actually litigated in the prior proceeding, 3) the issue was determined by a valid and binding final judgment or order and 4) the determination of the issue in the prior proceeding was essential to the final judgment or order.

In re Relafen Antitrust Litigation, 286 F.Supp.2d 56, 64 (D.Mass. 2003).

Although they overlap, the doctrines are distinct. Issue preclusion bars relitigation of issues under appropriate circumstances but does not require that the original and subsequent claims be similar or related. Rest. (2d) of Judgments § 27, Cmt. A, Ill. 1. If two parties litigate an issue, the resolution of which is essential to a final judgment and that issue arises as part of a subsequent, unrelated claim, issue preclusion bars its relitigation. Id.

Claim preclusion is, in some respects, narrower because it operates only if the original and subsequent claims are sufficiently identical. Rest. (2d) of Judgments § 19. If that requirement is fulfilled, however, the doctrine has a sweeping effect: it bars the subsequent claim entirely, irrespective of whether unlitigated issues are presented. Id.; Breneman, 381 F.3d at 38 (stating that claim preclusion applies to all "claims

---

abundantly clear that the issue is claim preclusion.

that were raised or could have been raised in that action.").

Defendants have asserted the defense of claim preclusion and, as discussed above, they have satisfied the three elements of that defense. Plaintiff's contention that the present case presents unlitigated issues, while correct, is immaterial. Defendant's motion will be allowed.[2]

**ORDER**

In accordance with the foregoing, defendants' Motion to Dismiss (Docket No. 9) is **ALLOWED** and this case is **DISMISSED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated June /0 , 2005

---

[2]Defendants' second ground for dismissal (failure to state a claim under ERISA) will not be addressed.